(No. 12162.—Judgment affirmed.)

MARIE LEFENS *et al.* Plaintiffs in Error, *vs.* THE INDUS-
TRIAL COMMISSION *et al.*—(WILLIAM J. BOWE, Admr.,
Defendant in Error.)

*Opinion filed December 18, 1918.*

1. WORKMEN'S COMPENSATION—*questions of fact on contradic-
tory evidence not reviewable by courts.* Where the evidence is
contradictory it is the duty of the arbitrators and the Industrial
Commission fairly and impartially to consider and weigh the evi-
dence and make their findings in accordance with the preponder-
ance thereof, but their conclusions of fact from such evidence are
not subject to review by the courts.

2. SAME—*when proof that deceased was habitually intemperate
is incompetent.* If there is direct evidence that the deceased was
sober at the time of the accident which resulted in his death, proof
that he was habitually intemperate is incompetent, even though
there is also testimony of several witnesses that he was drunk
when he entered the building shortly before the accident.     ·

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

F. J. CANTY, J. C. M. CLOW, and GEORGE D. ANTHONY,
for plaintiffs in error.

AUGUSTINE J. BOWE, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiffs in error are the owners of the Teutonic
building, in Chicago, and Andrew Erickson was in their em-
ploy as a janitor, having to attend to the fifth, sixth and
seventh floors. On January 17, 1917, he was found, at the
bottom of the stairs of the sixth floor with a fractured skull,
from which he died. On the application of his administra-
tor an award was made under the Workmen's Compensa-
tion act against the plaintiffs in error. A writ of *certiorari*
issued by the circuit court was quashed and this writ of
error was sued out.

Mrs. Erickson, the widow, testified that she came to the Teutonic building about six o'clock in the evening and the deceased came a little later. They went to the seventh floor, where he took off his clothes and dusted the hall and steps for a few minutes while she went to the other side. He had a dust cloth with him and went down-stairs, and the next thing she knew she heard him fall. She went down-stairs and found him lying on the sixth floor and picked him up. There was no one on the sixth floor and she was alone on the seventh floor, and he was sober.

The plaintiffs in error sought to prove Erickson's habits as to sobriety or drinking, and insist that they had a right to prove that he was habitually intemperate, but the arbitrator refused to hear the evidence. It was incompetent, for direct testimony that a person was sober at a particular time is not contradicted by evidence that he is in the habit of drinking or becoming intoxicated.

Several witnesses testified that Erickson was drunk when he came to the building, and it is contended by the plaintiffs in error that the accident arose out of his intoxication and not out of or in the course of his employment, and they argue that the preponderance of the evidence is that he was drunk when he came to the building. We said in *Hahnemann Hospital* v. *Industrial Board,* 282 Ill. 316, that an employee so drunk and helpless that he can no longer follow his employment cannot be said to be engaged in his employment, and an injury received while in that condition does not arise out of his employment. The condition of the deceased as to his intoxication was a question of fact on which the evidence was contradictory, and we are authorized to examine the record for errors of law, only. (*Parker-Washington Co.* v. *Industrial Board,* 274 Ill. 498.) It is the duty of the arbitrator, committee of arbitration and of the Industrial Commission fairly and impartially to consider and weigh all the evidence presented to them and make their findings in accordance with the preponderance of the evi-

286 – 3

dence. Their conclusions on questions of fact, based upon conflicting evidence, are not subject to review. Mrs. Erickson's testimony fairly tends to show that the deceased was sober and received his injury while engaged in the performance of his duties. It is not within our province to consider the weight of the evidence to the contrary.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*