STATE v. R. H. MAULTSBY.

(Filed 24 March, 1926.)

1. **Health—Cattle—Quarantine—Tick Eradication—Statutes.**

One who is notified by the local quarantine inspector to have his cattle dipped in a vat properly charged with chemical solution to eradicate cattle tick and prevent its spread, C. S., 4895(q), may not disregard the notice solely upon the ground that it was improper for his stock and would amount to cruelty to animals that would render him liable to indictment under the provisions of another criminal statute, and thus determine the matter for himself against the judgment of the officials in charge of the enforcement of the quarantine laws in this respect.

2. **Same—Constitutional Law.**

Our statute requiring the dipping of cattle in a medicated vat under the direction of a local inspector, is constitutional and valid.

APPEAL by defendant from *Daniels, J.,* at October Term, 1925, of BRUNSWICK.

Criminal prosecution tried upon a warrant charging the defendant with a violation of the statute pertaining to tick eradication in that, it is alleged, the defendant unlawfully and wilfully failed and refused to have his mules dipped in a vat properly charged with arsenical solution after having been notified by the quarantine inspector to do so.

From an adverse verdict and judgment that the defendant pay a fine of $50.00 and the costs, he appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*
*Rountree & Carr for defendant.*

STACY, C. J. This prosecution was commenced in the recorder's court of Brunswick County and tried *de novo* on appeal to the Superior Court. From the judgment of the latter court the case comes to us for review.

The facts are not in dispute. In March, 1925, the defendant was notified by the local quarantine inspector to have his cattle dipped in a vat properly charged with arsenical solution, as they had been infected with or exposed to the cattle tick, and as the work of tick eradication had been taken up by the State authorities in coöperation with the United States Department of Agriculture, in Zone three, C. S., 4895(q), which includes Brunswick County, the county of the defendant's residence. The defendant complied with this order and had his cattle dipped.

In April following, the defendant was duly notified by the local quarantine inspector, acting on authority from the State Board of Agriculture, to have his mules dipped in the same vat properly· charged with arsenical solution, as they had also been infected with or exposed to the cattle tick and as they were subject to the same treatment as cattle under C. S., 4895 (v). This he declined to do on the alleged ground that the vat in question was constructed for dipping cattle and was not properly equipped for dipping mules and that the latter could not be dipped in said vat without serious injury to them. To participate in such dipping, under these circumstances, defendant says, would have rendered him liable to indictment for cruelty to animals. The State's evidence tended to show that the defendant's fears in this respect were not well founded. It is conceded that the defendant's refusal to comply with the above order is made a misdemeanor by C. S., 4895 (bb).

The difficulty with the defendant's position, so far as the present record is concerned, is that, on his own statement, he deliberately and voluntarily elected to violate one law because he feared, or honestly believed, that his compliance therewith would render him liable to indictment under another. It is not to be presumed, short of actual demonstration, that the State would put the defendant, or any other citizen, in a position where he needs must choose between the commission of one of two crimes. At any rate, fear of violating one law, even though more or less plausible but necessarily created by the defendant's own thinking, as the State's evidence was to the contrary, can hardly suffice as a defense to a present indictment charging an offense admittedly committed. Had the defendant complied with this order and then been indicted by reason of such compliance for cruelty to animals, his

position on such indictment would have been unanswerable, but he may not presently be excused for fear of what might have happened had he obeyed the instant law.

It may be observed that the defendant placed his refusal to dip his mules, not principally upon the ground that such dipping would be injurious to them (*S. v. Hay,* 126 N. C., 999), but primarily upon the ground that he would be rendered liable to indictment therefor. The defense is invalid; it is not sufficient to defeat the present prosecution.

The constitutionality of this or cognate legislation was upheld in *S. v. Hodges,* 180 N. C., 751, and the same principle approved in *S. v. Dudley,* 182 N. C., 822, *Provision Co. v. Daves,* 190 N. C., 7, and other cases. See, also, *S. v. McCarty,* 5 Ala., 212, for a general discussion of the subject.

The record presents no reversible error, hence the verdict and judgment will be upheld.

No error.