(No. 12859.—Judgment reversed.)
MORRIS & CO., Plaintiff in Error, vs. THE INDUSTRIAL COM-
MISSION et al.—(AGNES BYERS, Defendant in Error.)

*Opinion filed October 23, 1920—Rehearing denied Dec. 8, 1920.*

1. WORKMEN'S COMPENSATION—*when Supreme Court cannot re-
view evidence as to whether employee was intoxicated.* Where the
testimony is contradictory on the question whether the employee
was intoxicated at the time of the injury, the Supreme Court can
not weigh the evidence and review the correctness of the decision
of the Industrial Commission and the judgment of the circuit court
on that question.

2. SAME—*claimant must prove that injury arose out of employ-
ment.* The burden is on the claimant to prove not only that the
injury occurred in the course of the employment but also that it
arose out of the employment, and the finding of that fact cannot
rest on conjecture or possibility.

3. SAME—*when injury to truck driver does not arise out of em-
ployment.* An injury to a truck driver does not arise out of his
employment where it is established by the evidence that he fell
from the seat of his truck while at his request another person was
driving the truck to the barn at the close of the day's work, as it
cannot be said that he was in any way engaged in the performance
of a duty connected with his employment while his duties were be-
ing performed by another.

WRIT OF ERROR to the Circuit Court of Cook county;
the Hon. OSCAR M. TORRISON, Judge, presiding.

M. W. BORDERS, and NORMAN G. COLLINS, for plaintiff
in error.

FRANK B. MURRAY, (EDMUND M. SINNOTT, of coun-
sel,) for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The circuit court of Cook county confirmed an award
made by the Industrial Commission in favor of Agnes By-
ers, widow of Frank Byers, for the death of her husband,
certified the case was one proper to be reviewed by the Su-
295—4

preme Court, and the record is brought here for review by writ of error.

Frank Byers was regularly employed by the plaintiff in error, who was engaged in the packing house business and conducted a branch market at 1535 South State street, Chicago. He was employed to drive and operate a motor truck and deliver meats from the branch market to customers, collect the money from the customers when cash was paid, and turn the money in to the book-keeper at the branch market. It appears that he also returned to the market meats not disposed of. The day's work began by the truck driver going to the barn or garage of plaintiff in error at 5:30 A. M., getting the truck, driving to the branch market and securing a load for the day's delivery. This work would usually be completed and the driver of the truck would return to the branch market in the neighborhood of 2:30 P. M., turn over the money received and the undisposed-of meats, and after that was done drive the truck back to the barn at Ashland avenue and Forty-fourth street, which completed the day's work. On September 23, 1916, Frank Byers took a load of meats from the branch market for delivery to customers and returned to the market between 2:30 and 3:00 o'clock P. M. After turning over the money collected by him and unloading the meats undisposed of, he left the branch market, accompanied by Fred Schaeffer, who was employed by plaintiff in error at the branch market as shipping clerk. The truck was driven south to Thirty-fifth street and then turned west on that street, which was in the route of the return to the barn, and while driving on said street Byers fell from the seat to the pavement, the left front wheel passed over his body and he was so severely injured that he died in a short time.

It is the contention of the plaintiff in error that Frank Byers was drunk when he returned to settle up with the branch market; that he was so drunk he requested Schaeffer to make or help make his report and settlement, which

he did, and after that was done he asked Schaeffer to take
him home and return the truck to the garage; that Schaef-
fer accompanied him and drove the truck, and that while
driving slowly along a paved street Byers fell from the seat
as a result of his intoxication and received the injuries from
which he died. It is contended the injury which caused his
death did not arise out of his employment (1) because his
fall from the truck was the result of his being intoxicated
at the time; and (2) that he was not at the time of the
accident engaged in the performance of the duties of his
employment.

Upon the question of Byers' intoxication and his fall
resulting from that condition the testimony was conflicting.
The testimony of plaintiff in error tended to show he was
so intoxicated that he was unable to drive his truck and
requested Schaeffer, who was shipping clerk for plaintiff in
error, to drive him home and take the truck to the garage,
and that while Schaeffer was driving the truck Byers fell
from his seat by the side of Schaeffer. The testimony of
the claimant was directly contradictory of the testimony of
plaintiff in error as to Byers being intoxicated and tended
to show he was sober when he left the branch market with
Schaeffer. Under that state of the testimony we cannot
weigh the evidence and review the correctness of the deci-
sion of the Industrial Commission and the judgment of the
circuit court on the question of Byers' intoxication. *Lefens*
v. *Industrial Com.* 286 Ill. 32.

The uncontradicted testimony shows Byers was not
driving the truck at the time of the accident but it was be-
ing driven by Schaeffer. Byers' employment required him
to drive the truck to his employer's garage after completing
his day's work. This duty he was not performing when
injured but it was being performed by Schaeffer. Byers
was riding with Schaeffer and going to his home, which
was on the route to the garage. This was testified to by
Schaeffer and was uncontradicted. Defendant in error in-

sists that Schaeffer was unworthy of belief and that the Industrial Commission was warranted in disbelieving his testimony that he, and not Byers, was driving the truck. Selenszki, another truck driver for the branch market, testified his and Byers' trucks both left the branch market at the end of the day's work at the same time and both were driven to a restaurant around the corner, where the parties stopped for lunch. Schaeffer drove Byers' truck, Byers sitting by his side. Riley, who saw the accident, testified the truck turned out and passed a wagon in front of it and then swung in on the west-bound street car track. Witness was in a wagon drawn by horses, and the truck was but a few feet behind it when witness saw Byers fall over the front wheel head first to the street. The truck stopped at once, only the front wheel passing over his body. Byers was sitting on the left or south side of the truck. There was no jolt or jar of the truck at the time Byers fell. This testimony corroborates the testimony of Schaeffer that Byers was not driving the truck. It must be accepted as established by undisputed proof that Byers was not driving his truck at the time he received the injury from which he died. That being so, did the injury arise out of his employment?

. The burden is on the claimant to show the injury arose out of and in the course of the employment and the finding cannot rest on conjecture or possibility. (*Albaugh-Dover Co.* v. *Industrial Board,* 278 Ill. 179; *Dietzen Co.* v. *Industrial Board,* 279 id. 11.) It is not sufficient that the injury arose in the course of the employment but it must also have arisen out of the employment. This accident occurred in the course of the employment and while the truck was being driven to plaintiff in error's garage, which was a duty of Byers' employment. He was not driving the truck, which was his duty under his employment, but was sitting beside another man who was performing that duty. It is true the truck was traveling the route it would have traveled had Byers been driving, but he was

not driving it, as the duties of his employment required. The decision of the question under the peculiar and unusual state of facts is not entirely free from difficulty, but as the proof shows Byers was not at the time of the injury engaged in the performance of the duties of his employment it cannot be said the accident arose out of the employment. In the *Dietzen Co. case, supra,* it was said if an employee chooses to step outside the sphere of his employment and do something not expected or required of him he does so at his own risk and is not under the protection of the act. Byers had stepped outside the sphere of his employment by permitting another to perform his duties. There is no proof that the ignorance or negligence of Schaeffer in driving the truck caused the accident, but he was at the time doing the work Byers was employed to do and Byers was not engaged in the performance of any duty of his employment. It is the law that in order to make the employer liable to an employee for an accidental injury it must arise out of the employment. How, then, can it be said Byers' injury arose out of his employment when the undisputed evidence is that he was not in any way engaged in performing any duty of or connected with his employment but his duties were being performed by another? This court must be governed by the law and can only enforce liability under its terms and provisions. We have, in accordance with the objects and intent of the Workmen's Compensation act, construed it liberally in favor of the employee, but we can not create a liability where the law creates none, and in no case have we ever held, nor would we be authorized to hold, a liability for an accidental injury to an employee which did not arise out of his employment.

The award, and the judgment of the circuit court confirming it, are reversed.                    *Judgment reversed.*