THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOSEPH SETNICKY *et al.* Defendants in Error.)

*Opinion filed April 20, 1927.*

1. WORKMEN'S COMPENSATION—*Compensation act, under the police power, restricts freedom of contract.* The Workmen's Compensation act, by a reasonable exercise of the police power, restricts freedom of contract between employer and employee in regard to compensation for injuries or death in the course of a hazardous employment, and the provisions of the act cannot be ignored and a settlement made between an injured employee and his employer without the approval of the Industrial Commission.

2. SAME—*rule of Industrial Commission cannot create or extend liability—insurance.* Rule 28 of the Industrial Commission, requiring ten days' notice of the termination of liability upon an insurance policy, exceeds the authority conferred upon the commission, as it extends liability on a policy, which may have ceased to exist, until ten days after notice of the termination of the liability; and where the insurer renews a policy and certifies its renewal to the commission but the policy is never accepted by the employer and is afterwards canceled by the insurer without notifying the commission in accordance with rule 28, the rule cannot be invoked to create a liability where no liability existed.

3. SAME—*when insurer is not estopped by premature certification of policy to Industrial Commission.* Where an insurer renews a policy of compensation insurance and certifies its renewal to the Industrial Commission but the policy is never accepted by the employer, the insurer is not estopped to deny liability on the policy because it fails to notify the commission of the policy's cancellation, as estoppel is invoked only to prevent injustice or fraud; and where the policy never became effective its cancellation without notice cannot operate to the disadvantage of an injured employee, where there is no suggestion that the employer is insolvent or unable to pay the award.

4. SAME—*when insurer paying compensation for employer is not estopped to deny liability.* Where an employer whose compensation insurance had expired and who refused to accept a renewal policy, requests the insurer, after an accident to an employee, to settle the claim for compensation and promises to reimburse the

insurer for the money so advanced, the insurer, by paying the money to the employee, is not estopped to deny its liability for compensation for the accident, as the employer by the request and promise of reimbursement recognizes that the money is advanced without reference to any policy of insurance.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.

GEORGE A. SCHNEIDER, for plaintiff in error.

JACOB S. COOK, for defendants in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Joseph Setnicky filed with the Industrial Commission his amended application for compensation from the Universal Projector and Machine Company and the Zurich General Accident and Liability Insurance Company, Limited. He charged in his application that while operating a punch-press for the machine company the thumb and index finger of his left hand were cut off. The arbitrator awarded him $14 per week for twelve weeks, the period of temporary total incapacity for work, and a like sum weekly for ninety-five weeks for the reason that the applicant suffered the total loss of the use of the thumb and index finger of his left hand. The award was made against both respondents, and $275, which had been paid, was allowed as a credit thereon. The Industrial Commission approved the award and the decision of that body was affirmed by the superior court of Cook county. The insurance company applied to this court for a writ of error. The petition was granted, and the cause, to the extent that the award was made against the insurance company, is here for a further review.

On December 1, 1923, Setnicky was employed by the machine company and was engaged in operating a punch-

press driven by electric power. He attempted to stop the machine by pushing down the pedal, but the machine continued to operate and the thumb and index finger of Setnicky's left hand were caught and severed. Frank Waskiewaicz, the president of the machine company, saw the accident and immediately sent Setnicky to a hospital, where the latter remained for twelve days. After he left the hospital he was at home for three months, during which period his hand was kept bandaged. Later he returned to work for the machine company but continued in its employment only one month. He requested compensation for the accidental injury from his employer and was referred to the insurance company, the plaintiff in error, for a settlement, and that company paid him $275.

The arbitrator admitted in evidence, over the objection of the plaintiff in error, five certificates that it had insured the employer against all obligations imposed upon the latter by the Workmen's Compensation act. These certificates had been filed with the Industrial Commission, and were dated, respectively, December 20, 1921, January 10 and April 3, 1922, and March 21 and December 4, 1923. Notices to the Industrial Commission dated January 27 and April 5, 1922, of the termination of the policies mentioned in the first and second certificates, were also introduced in evidence. The third policy of insurance, described in the certificate to the commission dated April 3, 1922, covered the period of one year from March 28, 1922, and continued in force until its expiration. A renewal policy, No. 1284457, was written for the year beginning March 28, 1923, but the machine company declined to accept it and the policy was never delivered. Its issuance, however, had been prematurely certified to the commission on March 21, 1923. No premium was ever collected on this policy and it was canceled by the plaintiff in error. The records of the commission failed to show any notice of the cancellation of, or the termination of liability upon, policy

No. 1284457. Another policy, effective from December 3, 1923, mentioned in the certificate dated the next day and filed with the commission, was issued and later canceled for non-payment of the premium. This policy may be ignored, for it had no existence until two days after Setnicky was injured. By a letter dated December 5, 1923, the machine company requested the plaintiff in error to settle applicant's claim and agreed to reimburse the insurance company for the money which it might advance in making such settlement.

The applicant offered to read from a certain text book on the Workmen's Compensation act, rules 27 and 28 of the Industrial Commission, but an objection to the offer was sustained. The arbitrator, however, stated that he would take judicial notice of the commission's rules. The 27th rule reads:

"Certificate of Insurance—Every insurer, upon the issuance of a policy, must immediately file certificate of insurance (Form 49) showing the location and character of the business operations covered, the date effective, the policy number, exclusions, and such other information as may be required."

Rule 28 provides:

"Termination of Insurance—No insurance policy shall be terminated either by cancellation or expiration without ten (10) days' notice being given to the commission, and the liability of the insurer thereunder shall not cease until the expiration of such ten (10) days."

Plaintiff in error moved to strike the two rules from the record, assigning as reasons therefor (*a*) that they continued a liability where the contract out of which the liability arose had expired or lapsed; (*b*) that they created a contractual obligation without the consent of the parties; and (*c*) that they took property without due process of law. The motion to strike was denied. Plaintiff in error then moved that it be dismissed from the proceeding.

This motion was based upon grounds similar to those urged in support of the preceding motion and the ruling was reserved. No additional evidence was offered before the commission by either party.

Plaintiff in error contends, among other things, that no policy of insurance of its issuance was in effect in favor of the machine company when the accident occurred, and that the Industrial Commission was without power to make a contract between an employer and a workmen's compensation insurer. The defendant in error Setnicky, on the contrary, insists that the rule holding the carrier liable for ten days after the service of notice of the termination of liability upon an insurance contract is for the protection of the employee and is therefore justified; that when an insurance company chooses to enter the field of compensation insurance it must comply with the reasonable rules of the Industrial Commission, and that, having filed a certificate of insurance in conformity with those rules and thereafter failed to give notice of the termination of its liability as required by the same rules, plaintiff in error is estopped to deny liability for the accidental injury suffered by the defendant in error Setnicky.

The enactment of the Workmen's Compensation act is a reasonable exercise of the police power. (*Grand Trunk Western Railway Co.* v. *Industrial Com.* 291 Ill. 167.) The subject matter concerning which freedom of contract between employer and employee is restricted by the act is the matter of compensation for the loss of human life or for disability suffered in the course and out of hazardous employment, and the public has a direct interest in these matters because they affect the common welfare. An employer bound by the provisions of the act is not permitted to relieve himself from liability under it by a private agreement with his employee. (*Wabash Railway Co.* v. *Industrial Com.* 286 Ill. 194; *International Coal Co.* v. *Industrial Com.* 293 id. 524.) The provisions of the act may

not be ignored and a settlement made between an injured employee and his employer without the approval of the Industrial Commission. Workmen's Compensation act, sec. 23; Cahill's Stat. 1925, p. 1190.

Section 16 of the Workmen's Compensation act (Cahill's Stat. 1925, p. 1186,) provides: "The board may make rules and orders for carrying out the duties imposed upon it by law, which rules and orders shall be deemed *prima facie* reasonable and valid." The power conferred is not general in its scope but is limited to the making of rules for the performance of the duties imposed upon the commisson by law. Such rules necessarily relate to matters of procedure. The act itself prescribes the conditions under which compensation shall be paid. Rule 28 requires ten days' notice of the termination of liability upon an insurance policy. Liability upon such a policy may have ceased to exist at the time notice to that effect was given, yet the rule extends that liability for an additional period of ten days. The rule is not confined to a matter of procedure but exceeds the authority conferred upon the commission and creates a liability on the part of the insurer where none may exist in fact. The commission cannot create a liability where the law creates none. (*Morris & Co.* v. *Industrial Com.* 295 Ill. 49.) It was not intended to extend the substantive provisions of the Workmen's Compensation act by rules which the commission might adopt, nor could such provisions be so extended. The power to enact laws is vested in the General Assembly and is a sovereign power, requiring the exercise of judgment and discretion, and cannot be delegated. 1 Lewis' Sutherland on Stat. Const. (2d ed.) sec. 87; Cooley's Const. Lim. (7th ed.) p. 163.

The defendant in error Setnicky, however, argues that when the plaintiff in error filed with the commission the certificate dated March 21, 1923, it gave notice that it had become the machine company's insurer against workmen's

compensation, and that, in consequence, the plaintiff in error is estopped to deny the obligation thus imposed upon it. The doctrine of estoppel is invoked to prevent injustice or a fraudulent result. (*Lutheran Church* v. *Lutheran Church,* 316 Ill. 196; *Sherer-Gillett Co.* v. *Long,* 318 id. 432.) There can be no estoppel where there is no loss, injury or damage. It does not appear that Setnicky was misled to his disadvantage by the failure of the plaintiff in error to serve upon the commission a notice of the termination of its liability upon an insurance policy which, although written, was never delivered, on which no premium had ever been paid and which never became effective. Nor is there a suggestion that the employer is insolvent or that the award made against it will not be fully paid.

After the accident the employer, by letter, requested the plaintiff in error to settle Setnicky's claim and promised to reimburse it for the money advanced in making the settlement. Pursuant to that request and promise the plaintiff in error paid Setnicky $275. The employer by its letter recognized the fact that the money was advanced without reference to any policy of insurance. Under these circumstances the payment of the money to Setnicky did not deny plaintiff in error the right to show that it was not liable to him for compensation. *Oberman* v. *United States Ins. Co.* 313 Ill. 172; *Reed* v. *Mapstone Bros.* 200 N. Y. Supp. 304.

The award should not have been made against the plaintiff in error. For that reason the judgment is reversed and the cause is remanded to the superior court of Cook county, with directions to remand the cause to the Industrial Commission for further proceedings in conformity with this opinion.                *Reversed and remanded, with directions.*