J. B. PETTIT v. WOOD-OWEN TRAILER COMPANY, EMPLOYER, LUMBER MUTUAL CASUALTY COMPANY OF NEW YORK, CARRIER.

(Filed 2 November, 1938.)

**Master and Servant § 45c—Ten-day period required for cancellation of policy runs from receipt of notice of cancellation by mail.**

The policy of compensation insurance involved in this case provided that it might be canceled at any time by either party upon ten days written notice to the other party. Insurer mailed defendant employer notice of cancellation by registered mail, and claimant employee was injured more than ten days after notice was mailed, but less than ten days after receipt of notice by defendant employer. C. S., 922. The Industrial Commission found that there was no unreasonable delay in receipt of said notice by defendant employer. *Held:* The ten-day period of cancellation began to run from receipt of the notice by the employer and not from the date the notice was mailed, and the finding of the Industrial Commission that the policy was in effect at the time of the injury is supported by the evidence and is binding on the courts. This construction of the rights of the parties, though contractual, is strengthened by analogy to C. S., 6437, relating to cancellation of fire policies, and the decision in *Wilson v. Ins. Co.*, 206 N. C., 635, construing that statute.

APPEAL by plaintiff from *Alley, J.*, at February, 1938, Regular Term of BUNCOMBE. Reversed.

The findings of facts and judgment of the trial Commissioner, which was approved by the Full Commission, in part, is as follows: "There is no question but that the employer is responsible in this case. The main question to be determined is whether the Lumber Mutual Casualty Company of New York was carrying the compensation coverage for the Wood-Owen Trailer Company, Incorporated, at the time the claimant was injured—a few minutes before twelve o'clock, noon, 3 December, 1936. In this connection the Commissioner finds as a fact from the evidence offered in the case and from additional evidence recorded and from stipulations forwarded to the Commission and entered into by agreement since the hearing, that for some time prior to 3 December,

1936, the Lumber Mutual Casualty Insurance Company of New York had carried the compensation insurance for the Wood-Owen Trailer Company. The question before the Commission now is as to whether their attempt at cancellation of their policy of insurance was effective at twelve o'clock noon, or thereabouts, on 3 December, 1936.

"According to the statement of the postmaster at Asheville, North Carolina, contained in his letter which has been made a part of the record in this case by agreement, the letter from the carrier to the employer carrying notice of cancellation arrived at the Biltmore Station of the Asheville post office at approximately eleven-thirty a.m., 23 November, 1936, it being a registered letter, and that notice of arrival of said registered letter was placed in the post office box which was being rented by the addressee, the Wood-Owen Trailer Company, at approximately twelve o'clock noon, 23 November, 1936, and that the registered letter itself was delivered to C. H. Harrison (officer in charge of the Wood-Owen Trailer Company) on 24 November, 1936. The Commissioner finds as a fact that the delay in receiving said letter from twelve o'clock noon, 23 November, 1936, was not an unreasonable delay in the receiving of said mail.

"The Commissioner further finds as a fact from the records in the office of the Industrial Commission, which were agreed to as being a part of the evidence in this case, that notice of cancellation of the policy US35278, issued by the defendant carrier to the defendant employer, was received by the Rating Bureau on 23 November, 1936, and was not received by the Industrial Commission until 24 November, 1936, and that under the Rating Bureau's rules the coverage would extend through 3 December, 1936, and under the Commission's rules would extend coverage through 4 December, 1936.

"Wherefore, the Commission finds as a fact that the policy of insurance above referred to and issued by the defendant carrier to the defendant employer was in full force and effect on 3 December, 1936, at the time of the injury sustained by the claimant in this case and finds that the defendant carrier is bound by the terms of this policy to pay compensation as awarded in this case not inconsistent with the provisions of the North Carolina Workmen's Compensation Act.

"It is therefore directed that an award shall issue directing the defendants to pay the claimant compensation, jointly or severally, for temporary total disability for a period of seven (7) weeks beginning 3 December, 1936, and for injury to claimant's hand of a permanent nature, as provided for by statute, together with all medical costs and hospital costs incident to said injury, when approved by this Commission. Defendants will pay the cost of the hearing. Compensation shall be based on a wage in excess of $30.00 per week. An attorney's fee of $50.00 is

hereby approved by the Commission for the attorney who represented the claimant in this case. Said fee shall be paid direct to the attorney and deducted from compensation awarded herein."

The judgment of the court below, in part, is as follows:

"This cause coming on to be heard before Hon. Felix E. Alley, Judge presiding, at the February, 1938, Regular Term of Superior Court of Buncombe County on an appeal by the Lumber Mutual Casualty Insurance Company of New York from an award of the North Carolina Industrial Commission; and the court being of the opinion as a matter of law, after reading the record and the argument of counsel, that the Lumber Mutual Casualty Insurance Company of New York was not the compensation insurance carrier for the Wood-Owen Trailer Company at the time of the occurrence of the accident on 3 December, 1936, and the court being of the opinion that the policy of compensation insurance issued by the Lumber Mutual Casualty Insurance Company to the Wood-Owen Trailer Company was legally cancelled as of 12:01 a.m., 3 December, 1936, and the court being of the opinion and so holding as a matter of law that the Lumber Mutual Casualty Insurance Company is not liable for the payment of any compensation to the plaintiff in this case since its policy was not in force and effect at the time of the sustaining of the injury by the plaintiff; now, therefore, it is ordered, adjudged and decreed that the award of the North Carolina Industrial Commission directing the payment of compensation to the plaintiff by the Lumber Mutual Casualty Insurance Company be and the same is hereby reversed and the Lumber Mutual Casualty Insurance Company is dismissed as a party defendant in this cause. This 8 March, 1938. Felix E. Alley, Judge Presiding."

The material exception and assignment of error is as follows: "To the action of the Superior Court in signing and entering the judgment reversing the award of the North Carolina Industrial Commission in finding that the Lumber Mutual Casualty Insurance Company of New York was the compensation insurance carrier of the Wood-Owen Trailer Company at the time of the accident on 3 December, 1936, when the claimant J. B. Pettit was injured, and for holding that the Lumber Mutual Casualty Insurance Company of New York was not liable for the payment of any compensation to the plaintiff because its policy was not in force and effect at the time the plaintiff sustained the injury."

*Worth McKinney and Cecil C. Jackson for plaintiff.*
*Walter Hoyle for defendant Insurance Company.*

CLARKSON, J. The questions involved: Was the Lumber Mutual Casualty Insurance Company of New York the compensation insurance

carrier for the Wood-Owen Trailer Company at noon on 3 December, 1936, when the plaintiff was injured? We think so. Where the cancellation provision·of the policy provides for mailing of notice, does the ten-day period of cancellation notice provided in the policy start running from the date of the mailing of the notice? We think not.

We think the finding of fact and conclusion of law by the trial Commissioner approved by the Full Commission correct, except we do not think it necessary to determine whether notice to the North Carolina Rating Bureau by compensation carrier that it is canceling a compensation policy is notice to the Industrial Commission.

The cancellation provision in the policy is as follows: *"This policy may be canceled at any time by either of the parties upon written notice to the other party stating when, not less than ten days thereafter, cancellation shall be effective. The effective date of such cancellation shall then be the end of the policy period.* (Italics ours.) The law of any state, in which this policy applies, which requires that notice of cancellation shall be given to any board, commission or other state agency is hereby made a ˙part of this policy and cancellation in such state shall · not be effective, except in compliance with such law. The remuneration of employees for the policy period stated in said declarations shall be computed upon the basis of the actual remuneration to the date of cancellation determined as herein provided. If such cancellation is at the company's request, the earned premium shall be adjusted pro rata as provided in Condition A. If such cancellation is at this employer's request, the earned premium shall be computed and adjusted at short rates, in accordance with the table printed hereon, but such short rate premium shall not be less than the minimum premium stated in said declarations. If this employer, when requesting cancellation, is actually retiring from the business herein described, then the earned premium shall be computed and adjusted pro rata. Notice of cancellation shall be served upon this employer as the law requires but, if there is no different requirement, notice mailed to the address of this employer herein given shall be a sufficient notice, and the check of the company, similarly mailed, a sufficient tender of any unearned premium."

In 6 Cyc. of Insurance Law (Couch), part sec. 1440, p. 5095, it is written: "But, as above stated, there is a conflict of authority as to the necessity that the notice be received, if sent by mail. And, as a matter of fact, the weight of authority seems to regard receipt of the notice as a condition precedent to cancellation."

N. C. Code, 1935 (Michie), sec. 6437 (providing for cancellation of a fire insurance policy), in part, is as follows: "Cancellation of policy— This policy will be canceled at any time at the request of the insured, in which case the company shall, upon demand and surrender of the

policy, refund the excess of paid premium above the customary short rates for the expired time. The policy may be canceled at any time by the company by giving to the insured a five days written notice of the cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation must state that the excess premium (if not tendered) will be refunded on demand."

In *Wilson v. Ins. Co.,* 206 N. C., 635 (639), is the following: "All the evidence shows that the defendant desired to cancel the policy, and proceeded to do so in accordance with its provisions, without the consent of the plaintiff. The cancellation by the defendant did not and could not under the provisions of the policy take effect until the expiration of five days from the receipt of the written notice by the plaintiff. This provision of the policy was manifestly for the protection of the plaintiff. *Dawson v. Ins. Co.,* 192 N. C., 312, 135 S. E., 34."

N. C. Code, *supra,* sec. 922, is as follows: "The time within which an act is to be done, as provided by law, shall be computed by excluding the first and including the last day. If the last day is Sunday, it must be excluded." *Olsen v. McGraw* (Minn.), 247 N. W. Rep., 8.

Although we are construing a contract, we think that the construction given is correct, and strengthened by analogy to the above decision and statute.

The North Carolina Industrial Commission found as a fact, upon sufficient competent evidence, which findings are binding upon this Court: That there was no unreasonable delay in the Wood-Owen Trailer Company receiving notice of cancellation, which notice was received by it on 24 November, 1936, and therefore, the first of the ten-day period would commence to run 25 November, 1936, therefore, the policy was in full force and effect when plaintiff was injured a few minutes before noon on 3 December, 1936.

For the reasons given, the judgment of the court below is

Reversed.