### DURHAM PROVISION COMPANY v. W. M. DAVES.

(Filed 24 June, 1925.)

**Constitutional Law—Courts—Legislative Powers—Delegation of Powers— Recorders' Courts—Extended Jurisdiction—County Commissioners.**

The provisions of Art. IV, sec. 12, of our Constitution giving the Legislature the authority to distribute that portion of the judicial power and jurisdiction of courts not pertaining to the Supreme Court, among other courts is restricted in its exercise to the Legislature itself, and may not be delegated by it; and where a recorder's court has been already estab-

lished under the provisions of the Constitution, Art. II, sec. 29, an act of the Legislature which authorizes the county commissioners to increase the jurisdiction of such recorder's courts in civil matters is unconstitutional and invalid. Instances in which statutes are held valid that permit a delegation of power only to ascertain the existence of facts that bring the case within the exercise of a valid legislative power, discussed by STACY, C. J.

APPEAL by defendant from *Calvert, J.,* at May Term, 1925, of DURHAM.

Civil action to collect balance due on open account, amounting to $268.46, tried at the May term of the recorder's court of Durham County.

The action was originally brought in the Superior Court of Durham County and transferred to the recorder's court of said county for trial, under authority of chapter 305, Public Laws 1925, the pertinent provisions of which are as follows:

"Section 1. That in any county of this State in which there is now established by law, whether by general or special act, or in which there may hereafter be established by general or special law, a recorder's court or a county court which possesses county-wide criminal jurisdiction of misdemeanors and also possesses jurisdiction in criminal matters to bind over to the Superior Court persons charged with felony, the board of commissioners of such county may at any regular meeting thereof after the ratification of this act pass a resolution conferring upon such above designated recorder's court or county court civil jurisdiction as hereinafter provided and when such resolution is duly adopted by said board of commissioners according to law such recorder's court or county court herein above designated, shall have and exercise the civil jurisdiction hereinafter provided with the right to try and determine civil actions as hereinafter provided.

"Sec. 2. (a) Concurrent jurisdiction with justices of the peace in all civil actions, matters and proceedings including all proceedings whatever, provisional and remedial to civil actions which are now or hereafter may be within the jurisdiction of justices of the peace.

"(b) Concurrent jurisdiction with the Superior Court in all civil actions, matters and proceedings including all proceedings whatever, ancillary, provisional and remedial in civil actions founded on contract or tort, wherein the Superior Court of such county now has exclusive original jurisdiction: *Provided,* that the sum demanded or the value of the property in controversy shall not exceed twenty-five hundred dollars, and the title to real estate shall not be in controversy; and *provided further,* that no injunctive relief may be granted.

"Sec. 18. That all civil causes now pending in Superior Court of such county coming within the provisions of this act, shall be triable in

the court herein provided for in this act and, come within the provisions of said act, and it shall be the duty of the clerk of the Superior Court of such county to prepare the calendars and dockets so that the procedure may be had for the trial of said causes as soon as may be.

"Sec. 21. *Provided,* the provisions of this act shall not affect the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth Judicial districts."

On 6 April, 1925, the board of commissioners of Durham County, in regular meeting assembled, by resolution duly adopted, conferred civil jurisdiction, as authorized by said act, upon the then existing recorder's court of Durham County, which hitherto had exercised limited jurisdiction in criminal matters, as described in section one of the act above set out.

When the case was called in the recorder's court the defendant entered a special appearance and demurred to the jurisdiction of the court on the ground that it was without authority to hear and determine the cause. Demurrer overruled; judgment for plaintiff; affirmed on appeal to Superior Court, from which latter judgment, the defendant appeals, assigning errors.

*McLendon & Hedrick, Basil M. Watkins, W. B. Guthrie and R. H. Sykes for plaintiff.*
*James Washington Barbee and Brawley & Gantt for defendant.*

STACY, C. J. If the Legislature of 1925 thought it wise to confer certain civil jurisdiction on the recorders' courts, already established and existing in the Tenth Judicial District, which hitherto had exercised limited jurisdiction in criminal matters only, as now advised, we see no valid reason why this could not have been done either by general or special act. There is nothing in Art. II, sec. 29 of the Constitution which prohibits the Legislature from increasing or decreasing the jurisdiction of recorders' courts or county courts already in existence. The prohibition is against the *establishment* of courts inferior to the Superior Court, by any local, private or special act or resolution. But when the General Assembly, either by general or special act, undertakes to say that such additional jurisdiction may be conferred on recorders' courts or county courts by the board of commissioners of the county, quite a different question is presented. *Buttfield v. Stranahan,* 192 U. S., 470. See *Machine Co. v. Burger,* 181 N. C., 241, for history of constitutional changes bearing on the matter.

It is provided in Art. IV, sec. 12, of the Constitution that the "General Assembly shall allot and distribute that portion of this (judicial) power and jurisdiction which does not pertain to the Supreme Court

among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best," and it is the position of the defendant here that the body to whose judgment and wisdom this duty of allotment and distribution of judicial powers, inferior to those exercised by the Supreme Court, has been intrusted may not relieve itself of such responsibility by choosing other agencies and delegating it to them. The Constitution plainly commits the authority to the General Assembly, and it is a maxim of constitutional law that when the sovereign power of the State has vested such authority in the Legislature, ordinarily it may not be delegated by that department to any other body or agency. *Field v. Clark,* 143 U. S., 649; *S. v. Young,* 29 Minn., p. 552; *S. v. Sawyer County,* 140 Wis., 634.

The power of local legislation commonly bestowed on municipal and *quasi*-municipal corporations does not trench upon the maxim, "legislative powers may not be delegated, except when authorized by the Constitution," since this is authorized, impliedly at least, by the Constitution itself (Const., Arts. VII, VIII, and IX); and even the maxim is to be understood in the light of an immemorial practice which has always recognized the policy and propriety of vesting such powers in these corporations, being created, as they are, for the purpose of aiding the State government in the business of municipal rule. *S. v. Simons,* 32 Minn., p. 543; *S. v. Young, supra.*

Nor is it a violation of this principle for the Legislature to authorize the board of agriculture to make and prescribe regulations for the quarantine of cattle, or for the inspection of oils sold in the State, and to give to such regulations the force and effect of law. *S. v. Garner,* 158 N. C., 630; *S. v. R. R.,* 141 N. C., 846; *Kimmish v. Ball,* 129 U. S., 217; *Red "C" Oil Mfg. Co. v. Board of Agriculture,* 172 Fed., 695; *S. c.* affirmed, 222 U. S., 380.

Speaking to a similar question in *Board of Education v. Comrs.,* 174 N. C., p. 474, *Hoke, J.,* said: "We are not inadvertent to the position earnestly urged for defendant that the act providing for a determination of the amount required for a four-months school by the Superior Court judge is unconstitutional, in that it attempts to confer legislative powers on the courts, but we do not think the statute is open to such objection. It only empowers the courts to ascertain and determine a disputed fact relevant to a pending issue between the two boards, and thereupon command that the tax be levied accordingly, both the finding of the fact and the judgment thereon being, in our opinion, judicial in their nature. *In re Applicants for License,* 143 N. C., 1 and 6. The tax, however, is authorized, as it should be, by legislative enactment, and is to be levied and collected by the usual and ordinary administrative and executive officers of the county government."

It is not like authorizing the establishment of municipal and county recorders' courts (C. S., 1536 and 1563) by the governing bodies of cities, towns and counties and prescribing in the same or other act what the jurisdiction of said courts shall be when established; for there the allotment and distribution of the judicial powers is made by the General Assembly, and only the question of fact as to whether local conditions render it desirable for the establishment of such courts is referred to the local bodies. *Vista Mills v. City Council,* 60 S. C., 1. Art. IV, sec. 14 of the Const., is as follows: "The General Assembly shall provide for the establishment of special courts, for the trial of misdemeanors, in cities and towns where the same may be necessary." Mr. Cooley in his Constitutional Limitations (6 ed.), p. 137, says: "One of the settled maxims in constitutional law is, that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. Where the sovereign power of the State has located the authority, there it must remain; and by the constitutional agency alone the laws must be made until the Constitution itself is changed. The power to whose judgment, wisdom, and patriotism this high prerogative has been intrusted cannot relieve itself of the responsibility by choosing other agencies upon which the power shall be devolved, nor can it substitute the judgment, wisdom, and patriotism of any other body for those to which alone the people have seen fit to confide this sovereign trust."

What is, and what is not, legislative power, within the principle of constitutional law we are now discussing, is not always easy to determine. *S. v. Haywood,* 30 S. C., 519. Speaking to the question in *Locke's Appeal,* 72 Pa. St., 491, *Agnew, J.,* said: "Then, the true distinction, I conceive, is this: The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend, which cannot be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation. Hence the necessity of the municipal divisions of the State into counties, townships, cities, wards, boroughs and districts, to which is committed the power of determining many matters necessary, or merely useful, to the local welfare."

Again in *U. S. v. Grimaud,* 220 U. S., p. 517, *Mr. Justice Lamar* observed:

"It must be admitted that it is difficult to define the line which separates legislative power to make laws, from administrative authority to make regulations. This difficulty has often been recognized, and was

referred to by *Chief Justice Marshall* in *Wayman v. Southard,* 10 Wheat., 1, 42, where he was considering the authority of courts to make rules. He there said: 'It will not be contended that Congress can delegate to the courts, or to any other tribunals, powers which are strictly and exclusively legislative. But Congress may certainly delegate to others, powers which the legislature may rightfully exercise itself.' What were these nonlegislative powers which Congress *could* exercise but which might also be delegated to others was not determined, for he said: 'The line has not been exactly drawn which separates those important subjects, which *must* be entirely regulated by the legislature itself, from those of less interest, in which a general provision may be made, and power given to those who are to act under such general provisions to fill up the details.'

"From the beginning of the Government various acts have been passed conferring upon executive officers power to make rules and regulations—not for the government of their departments, but for administering the laws which did govern. None of these statutes could confer legislative power. But when Congress had legislated and indicated its will, it could give to those who were to act under such general provisions 'power to fill up the details' by the establishment of administrative rules and regulations, the violation of which could be punished by fine or imprisonment fixed by Congress, or by penalties fixed by Congress or measured by the injury done."

The recorder's court of Durham County has been in existence, exercising limited jurisdiction in criminal matters, for some time; as to whether further power and jurisdiction of a civil nature shall be allotted and distributed to it is a question for the General Assembly to decide, and this may not be delegated to the commissioners of Durham County. It will be observed that the present act does not purport to confer civil jurisdiction on recorders' courts, leaving only to the commissioners of the respective counties the decision as to whether local conditions make it desirable to bring their county within the operation of the law; but the discretion and power to confer limited civil jurisdiction is by the act expressly delegated to the local bodies. This is clearly a delegation of legislative power and cannot be upheld.

As said in *Field v. Clark,* 143 U. S., 649: "The legislature cannot delegate its power to make a law, but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. To deny this would be to stop the wheels of government. There are many things upon which wise and useful legislation must depend which cannot be known to the law-making power, and must, therefore, be a subject of inquiry and determination outside of the halls of legislation." See, also, *Caha v.*

*United States,* 152 U. S., 211; *United States v. Bailey,* 9 Pet. 238; *Cosmos Co. v. Gray Eagle Co.,* 190 U. S., 309; *Oceanic Navigation Co. v. Stranahan,* 214 U. S., 333; *Roughton v. Knight,* 219 U. S., 537; *Smith v. Whitney,* 116 U. S., 167; *Ex parte Reed,* 100 U. S., 22; *Gratiot v. United States,* 4 How., 81.

The authority to make administrative rules is not a delegation of legislative power, nor are such rules raised from an administrative to a legislative character because the violation thereof is punished as a public offense. *U. S. v. Grimaud, supra.*

Our present position in no way conflicts with what was said in *S. v. Lytle,* 138 N. C., 738; *Rhyne v. Lipscombe,* 122 N. C., 650; *S. v. Moore,* 104 N. C., 743; *Mott v. Comrs.,* 126 N. C., 866, and numerous other cases of similar character. On the other hand, by correct interpretation, these decisions are in full support of the conclusion announced herein. See, also, *Berry v. Durham,* 186 N. C., p. 426; *Lacy v. Bank,* 183 N. C., 373; *Bost v. Cabarrus,* 152 N. C., 531; *Smith v. School Trustees,* 141 N. C., 143.

In reply to the argument that the present delegation of legislative power is authorized by the Constitution itself, in that it is provided the General Assembly shall allot and distribute such power and jurisdiction, "in such manner as it may deem best," it is sufficient to say that this phrase gives the Legislature full discretion as to what allotment and distribution shall be made of that portion of the judicial power and jurisdiction not pertaining to the Supreme Court; but the allotment and distribution, it will be observed, is to be made by the General Assembly, and this may not be delegated to any other body or agency. See *Buttfield v. Stranahan,* 192 U. S., 470, as reported in 48 L. Ed., 525, and cases there cited in plaintiff's brief on page 531.

The distinction is very well pointed out by *Hoke, J.,* in *S. v. Dudley,* 182 N. C., 822, as follows:

"It is well recognized that except in the case of municipal corporations when in the exercise of governmental functions on local matters, legislative power may not be delegated. But if it be conceded that the board in question here, the Fisheries Commission Board, as a mere administrative board does not come within the exception stated, it is firmly established in this jurisdiction and fully recognized in authoritative cases elsewhere that, though legislative powers may not be in strictness delegated to a board of that character, it is fully competent for the Legislature to delegate to such a board the power to 'establish the pertinent facts or conditions upon which a statute makes its own action depend.' This statement of the principle taken from 8 Cyc., p. 830, was directly approved and applied in *S. v. R. R.,* 141 N. C., 846-851, a decision upholding the conviction of defendant for violation of the

administrative regulations of our Department of Agriculture. And a forcible and striking illustration in approval of the same position is presented in the recent case of *S. v. Hodges,* 180 N. C., 751, sustaining regulations of the same department in reference to eradication of cattle ticks. It has been applied also in reference to regulations of the health department as in the case of compulsory vaccination. *Morgan v. Stewart,* 144 N. C., 424, citing *S. v. Hay,* 126 N. C., 999; *Hutchins v. Durham,* 137 N. C., 68; *Morris v. Columbus,* 102 Ga., 792. And in *Express Co. v. R. R.,* 111 N. C., 463, it was fully recognized as justifying the Legislature in delegating to the Corporation Commission the power to establish transportation rates, etc. Similar decisions resting upon the same principle appear in *U. S. v. Grimaud,* 220 U. S., 506; *Isenhour v. State,* 157 Ind., 417, and in many other authoritative cases, and may be considered as the generally accepted rule on the subject."

The defendant's motion should have been allowed. The cause must be tried in the Superior Court which alone has jurisdiction to hear and determine it.

Reversed.