STATE ON RELATION OF L. D. MEADOR v. JOHN S. THOMAS.

(Filed 12 July, 1933.)

1. Courts B a—Establishment of county court by commissioners under provisions of statute held not unlawful exercise of legislative power.

The establishment of a General County Court by the board of commissioners of a county under the provisions of chapter 216, Public Laws of 1923, and section 2(24-a), Public Laws of 1924, will not be held invalid as being an unlawful exercise of legislative power, the jurisdiction of such courts being prescribed by the Legislature and the board of commissioners being clothed merely with the power to find the facts in regard to the necessity and expediency of such court, and their acts in establishing such courts having been ratified by the Legislature.

2. Same — Legislature may delegate authority to elect judges of county courts to county commissioners.

Under the provisions of Art. IV, sec. 30, of our Constitution the Legislature is authorized to provide for the election of officers and clerks of General County Courts established by it, such courts being "other courts inferior to the Supreme Court" referred to in Art. IV, secs. 2 and 14, and the word "election" does not necessarily import a popular election by the qualified electors, and the delegation of the power to elect judges of the general county courts to the county commissioners is not an unlawful delegation of legislative power, and where such judge is elected by the commissioners upon a majority ballot it is immaterial whether their choice be called an appointment or election, the selection being made by the commissioners by ballot in accordance with the delegation of power to them.

APPEAL by plaintiff from *Barnhill, J.,* at Chambers, 10 March, 1933. From ALAMANCE.

Civil action in the nature of *quo warranto* to try the title to the office of judge of the General County Court of Alamance County, heard on the following agreed statement of facts:

1. Plaintiff is a duly licensed attorney at law, practicing in the courts of this State, and is a taxpayer living and residing in the city of Burlington, in Alamance County.

2. The defendant is a duly licensed attorney at law, practicing in the courts of this State only in such matters as the laws of the State permit a judge of a General County Court organized under chapter 216, Public Laws of 1923, and acts amendatory thereof to practice in; and the defendant is a taxpayer living and residing in the city of Burlington, in Alamance County.

3, 4, 5, 6, 7. At regular meetings of the board of commissioners of Alamance County held in the courthouse in Graham the following proceedings were had: (a) On 5 May, 1926, the board "elected" the

judge of the county court for a period of two years; (b) on 15 May, 1928, it "appointed" the judge for a like term; (c) on 5 May, 1930, it "elected or appointed" him for the ensuing term; (d) and on 2 May, 1932, when the ballots were counted the defendant was declared "elected" for two years beginning 1 July, 1932.

8. That from and after 1 July, 1926, said General County Court has been presided over continuously by a judge chosen by the board of commissioners of Alamance County and that on or about 1 July, 1932, the defendant took the oath of office as judge of the General County Court of Alamance County and began the performance of the duties of said office and has ever since been and is now presiding over said General County Court as the judge thereof at all its terms of court.

9. That at no time have the board of commissioners of Alamance County passed any resolution directing that the judge of the General County Court for Alamance County shall be elected by the qualified electors of the county or otherwise than by the board of commissioners themselves.

10. That in relation to plaintiff's claim of election by the qualified voters as judge of the General County Court for Alamance County, the following things were done:

(a) The plaintiff filed with the board of elections of Alamance County on .... May, 1932, notice that he was a candidate on the Democratic ticket for judge of the General County Court of Alamance County.

(b) The board of elections of Alamance County caused plaintiff's name to be printed on the primary ballots voted in the Democratic primary, duly held on 4 June, 1932 (although there was no other person who had filed notice of candidacy) under the heading "Judge of the General County Court," and .................... such ballots marked so as to indicate plaintiff as the voters' choice for judge of the General County Court were cast in said primary election.

(c) The board of elections of Alamance County, subsequent to the time of holding said primary election, declared plaintiff nominated as Democratic candidate for judge of the General County Court of Alamance County.

(d) The board of elections of Alamance County caused plaintiff's name to be printed on the ballots for the general election of county officers of Alamance County on 8 November, 1932, under the heading "Judge of the General County Court," and ...... ......... such ballots marked so as to indicate plaintiff as the voters' choice for judge of the General County Court were cast in said general election, which was duly held on 8 November, 1932. No other person's name appeared on any ballot in said general election as candidate of any other political party for

said judgeship. And no ballots were cast containing the name of any other person as a voter's choice for said judgeship.

(e) The board of canvassers for Alamance County certified that the plaintiff received the highest number of votes for judge of the General County Court of Alamance County and declared plaintiff elected to such office.

(f) That a specimen or copy of the ballot for county officers voted in the general election in Alamance County on 8 November, 1932, is hereto attached and marked Exhibit No. 1.

11. That the plaintiff was the only person who filed his name as a candidate for judge of the General County Court of Alamance County for the primary election in June, 1932, and the defendant had no knowledge prior to the time the ballots for said primary election were printed that plaintiff's name would appear thereon.

12. The plaintiff made application to Dennis G. Brummitt, Attorney-General of North Carolina, for leave to bring this action, and filed with said Attorney-General a bond in the form required by law and obtained such leave from said Attorney-General, all of which now appears on file in the office of the clerk of the Superior Court of Alamance County, North Carolina.

13. That the defendant before filing his answer in this cause executed and filed in the office of the clerk of the Superior Court of Alamance County an undertaking with good and sufficient surety in the sum of $200.00 condition as required by Consolidated Statutes, section 878.

It is further stipulated and agreed by and in behalf both of plaintiff and defendant that the resolution passed by the board of commissioners of Alamance County, 3 May, 1926, and attached to the answer as Exhibit "A" and hereby referred to and made a part of the agreed facts was sufficient to establish or organize and did establish or organize the General County Court of Alamance County under the provisions of chapter 216, Public Laws of 1923, and acts amendatory thereof, and said court has ever since been and is now in existence under and by virtue of said resolution of the board of commissioners and said chapter 216, Public Laws of 1923, and acts amendatory thereof, in force at the time of the passage of said resolution and as amended by acts of the General Assembly of North Carolina passed subsequent to the adoption of said resolution.

Upon the foregoing facts the trial court adjudged that the defendant is the duly elected, qualified, and presiding judge of the General County Court of Alamance County, that the purported election of the plaintiff is void, and that the action be dismissed. The plaintiff excepted and appealed.

*Cooper A. Hall and J. A. Bailey for plaintiff.*
*H. J. Rhodes, J. Dolph Long and W. S. Coulter for defendant.*

ADAMS, J. At the session of 1923, the General Assembly enacted the following statute: "In each county of this State there may be established a court of civil and criminal jurisdiction, which shall be a court of record and which shall be maintained pursuant to this act, and which court shall be called the General County Court and shall have jurisdiction over the entire county in which said court may be established." Public Laws, 1923, chap. 216, sec. 1. Section 20 provided that before establishing the court the board of county commissioners should submit the question of its creation to the qualified voters of the county; but in 1924 this section was amended by providing that the commissioners of any county, if in their opinion the public interests would thereby best be promoted, might establish a general county court by resolutions reciting the reasons therefor and that it should not be necessary that an election be called on the question; also that upon adoption of such resolutions the commissioners might establish the court without holding an election. Public Laws, 1924, Extra Session, sec. 2(24-a).

On 5 May, 1926, the board of commissioners of Alamance County established a General County Court by a resolution duly adopted, in which the reasons for taking such action were fully set forth in compliance with the statute. The plaintiff assails the resolution and the establishment of the county court on the ground that these functions were exercised by the board of commissioners in pursuance of delegated legislative powers; but in our opinion he cannot avail himself of this position.

True, it is a general rule, subject to exceptions, that the General Assembly cannot delegate to any other agency the authority committed to it by the sovereign power of the State. The principle has no application, however, to the establishment of county courts by a board of county commissioners clothed with power merely to find the facts with respect to the necessity or expediency of the court, for in such case the distribution of judicial power is made by the legislative department. *Provision Co. v. Daves,* 190 N. C., 7. In the present case the board of commissioners did not undertake or pretend to confer any degree of jurisdiction; its only duty was to find certain facts and to adopt a resolution containing specified recitals. Furthermore, the Legislature of 1927 passed a general law ratifying the acts of county commissioners in the organization of general county courts theretofore organized under the act of 1923 and its amendments, the appointment of the judge being an essential part of the organization. In addition to these facts there is another. The plaintiff stipulated and agreed that the resolution passed

by the board of commissioners of Alamance County on 3 May, 1926, and affixed to the answer as an exhibit, was sufficient to establish or organize the General County Court of Alamance County under the provisions of the act of 1923 and the acts amendatory thereof and that the court has since been and is now in existence under and by virtue of the resolution.

The fundamental question is whether the board of commissioners had the legal right to elect the judge of the county court. The answer depends primarily upon the construction of Article IV, sec. 30, of the Constitution, which is as follows: "In case the General Assembly shall establish other courts inferior to the Supreme Court, the presiding officers and clerks thereof shall be elected in such manner as the General Assembly may from time to time prescribe, and they shall hold their offices for a term not exceeding eight years."

Section 2 states the division of judicial powers in these words: "The judicial power of the State shall be vested in a court for the trial of impeachments, a Supreme Court, Superior courts, courts of justices of the peace, and such other courts inferior to the Supreme Court as may be established by law," and section 14 directs that "the General Assembly shall provide for the establishment of special courts for the trial of misdemeanors in cities and towns, where the same may be necessary."

In this enumeration general county courts are not mentioned. They must be ranked among the "other courts" alluded to in the second and thirtieth sections, and provision for the manner of their election is expressly committed to the Legislature. Justices of the Supreme Court shall be elected by the qualified voters of the State, and judges of the Superior Court by the qualified voters of the State or of their respective districts. Solicitors and clerks of the Superior Court are elected by the qualified voters; the clerk of the Supreme Court is appointed; justices of the peace may be elected or appointed; but the judge of a general county court created under the act of 1923 and the acts amending it "shall be elected in such manner as the General Assembly may from time to time prescribe."

The distinction between the prescribed modes is significant. The word "election" does not necessarily import a popular choice by qualified electors; to elect is to choose or designate for an office by a majority or plurality vote. The Legislature may elect officers when not forbidden by the Constitution. (*Ewart v. Jones,* 116 N. C., 570), and when in the exercise of power conferred by the Constitution, the Legislature designates another body or agency to make such election, its action in this respect may not be regarded as the unlawful delegation of legislative power. *Vide S. v. Gales,* 77 N. C., 283; *White v. Murray,* 126 N. C., 153.

MEADOR *v.* THOMAS.

In 1924 the second section of the act of 1923 was amended by adding thereto the following clause: "If in the opinion of the board of commissioners the best interests of the county will be promoted thereby, the said board may appoint such judge, fixing his term of office, in which event the judge so appointed shall hold office pursuant to such appointment, and shall not be elected by a vote as herein provided for." In the resolution adopted on 5 May, 1926, the commissioners declared that in their opinion the best interests of the county would be promoted by the appointment of the judge and not by his election by a vote of the people. They fixed his term of office at two years and provided that a judge should be appointed biennially, evidently intending that the facts as found should apply to the appointee and his successors.

It is of negligible importance whether the choice be called an appointment or an election; the two words are used indiscriminately in the proceedings of the board, and at the regular meeting on 2 May, 1932, the defendant was declared "elected." The selection of the defendant was made by ballot, the chairman not voting. Four ballots were cast, three for the defendant who was thus chosen for the office by a majority vote. Judgment

Affirmed.