SEAWELL, J., concurring in part and dissenting in part.
There were two cases with the same parties, plaintiff and defendants, and the defendants demurred in each case to the complaint therein upon the ground that it did not state facts sufficient to constitute a cause of action.
The first complaint, filed 18 March, 1940, alleges that the plaintiff was, in 1926 and biennially thereafter until the present time, duly appointed by the Governor, judge of the Forsyth County Court, created and existing by virtue of chapter 520, Public-Local Laws 1915, and amendments thereto; that the salary of the judge of said court was fixed at $4,500.00 per year, payable in equal monthly installments out of the treasury of Forsyth County, by chapter 335, Public-Local Laws 1925, and that he was paid at the rate of $375.00 per month until the first day of August, 1932, at which time the plaintiff voluntarily agreed to take a cut of $300.00 per annum and was thereafter paid at the rate of $350.00 per month; that in July, 1934, the plaintiff requested the county commissioners of Forsyth County to restore his salary to the amount provided by statute, namely, $375.00 per month, and repeated this request in July, 1935, which requests were refused and ignored, and payment was continued to be made to the plaintiff at the rate of $350.00 per month until the first day of July, 1939, notwithstanding the plaintiff had never agreed to a reduction since the first day of July, 1934; that on April 3, 1939, the Legislature enacted chapter 519, Public-Local Laws 1939, subsection 14 of section 1, which provided: "The salary of the judge of the Forsyth County Court shall be fixed from time to time by the Board of County Commissioners of Forsyth County," and pursuant to said act the county commissioners of Forsyth County, on 5 June, 1939, did "attempt" to reduce the salary of the judge of said court to $200.00 per month, and thereafter, on 5 September, 1939, *Page 99 
"attempted" further to reduce said salary to $1.00 per month; "that the action of the defendants in attempting said reductions of the salary of the judge of the Forsyth County Court was taken in bad faith, was not for the purpose of fixing fair and just compensation for the judge of said court but was an attempt on their part, indirectly, to abolish and destroy the court without authority of law. Said action on the part of the defendants constituted an abuse of discretion on their part;" that subsection 14, section 1, chapter 519, Public-Local Laws 1939, is unconstitutional and void in so far as it purports to delegate to the board of county commissioners authority to fix the salary of the judge, or to reduce the salary of the judge during his continuance in office, and is in violation of Art. IV, sec. 18, of the Constitution of North Carolina; that the said Act of 1939 contained subsection 15, section 1, which provided: "That the Board of Commissioners of Forsyth County shall have the right to abolish or temporarily suspend the said Forsyth County Court after the expiration of twelve months from the ratification of this act;" that the county commissioners procured this enactment for the purpose of having the plaintiff removed as judge of said court; that the attempt of the Legislature to delegate to the board of commissioners power to fix or reduce the salary of the judge, or to abolish or temporarily suspend the court is against public policy and in contravention of Art. IV, sec. 2, Art. IV, sec. 12, and Art. IV, sec. 30, of the Constitution of North Carolina; that the plaintiff is advised, and so alleges, that the defendants intend to abolish or temporarily suspend said court as soon after 3 April, 1940, as they can have a meeting; that under date of 18 December, 1939, plaintiff demanded in writing of the defendants the payment of his official salary as fixed by law, which demand the defendants have ignored, and that the amount due and demanded is $3,800.00. Whereupon the plaintiff prays that he recover $25.00 per month from 1 July, 1934, until 30 June, 1939, $1,500.00; the sum of $175.00 per month from 1 July, 1939, until 15 October, 1939, $612.50; the sum of $375.00 per month from 15 October, 1939, to 1 March, 1940, $1,687.50; and that the defendants be restrained from abolishing or temporarily suspending or attempting to abolish or temporarily suspend the Forsyth County Court, or in anywise interfering with the administration of justice by said court.
The second complaint, filed 24 July, 1940, makes practically the same allegations as the first, except that instead of alleging that the defendants intend to abolish or temporarily suspend the court, or attempt so to do, it alleges that on 6 May, 1940, the board of commissioners adopted a resolution purporting to suspend temporarily the Forsyth County Court, and pursuant to said resolution the clerk of the Superior Court of Forsyth County, acting under instructions from the board of commissioners *Page 100 
of said county, had transferred from the docket of the county court to the docket of the Superior Court all cases that were on the docket of the Forsyth County Court; and that whereas the plaintiff had heretofore entered suit to recover what was due him up to 1 March, 1940, this action was to recover salary from 1 March, 1940, to 1 July, 1940; that the plaintiff was at all times willing, anxious, ready and able to perform the duties of judge of the Forsyth County Court, but was finally prevented by the defendants from doing so; that on 5 July, 1940, the plaintiff made demand upon the board of commissioners for his salary as judge for the months of March, April, May, and June, 1940; the complaint further alleges, on information and belief, that the attempt to delegate by the Legislature to the board of commissioners the power to fix or reduce the salary of the judge of the Forsyth County Court is unconstitutional and void and in contravention of Art. IV, sec. 2; Art. IV, sec. 12; Art. IV, sec. 18; and Art. II, sec. 29, of the Constitution of North Carolina, and the attempt on the part of the Legislature to delegate to the county commissioners the power to abolish or temporarily suspend the Forsyth County Court is likewise unconstitutional and void and in contravention of the same provisions of said Constitution. Whereupon the plaintiff prays that he recover as salary for the judge of the Forsyth County Court at the rate of $375.00 per month for the months of March, April, May, and June, 1940,i.e., $1,500.00.
The defendants in apt time filed demurrers upon the ground that neither of the complaints stated facts sufficient to constitute a cause of action.
The first demurrer states as grounds therefor that the complaint fails to allege (1) that the plaintiff presented his claim for $25.00 per month from 1 July, 1934, until 30 July, 1939, to the board of commissioners of Forsyth County for audit as required by C. S., 1330 and 1331; and that (2) it fails to state a cause of action for $175.00 per month from 1 July, 1939, until 15 October, 1939, in that it alleges that the board of commissioners fixed the salary of the judge of the Forsyth County Court at $200.00 per month from 1 July, 1939, and that the statute cited in the complaint, subsection 14, sec. 1, ch. 519, Public-Local Laws 1939, authorized such fixing of the salary as aforesaid; and that (3) it fails to state a cause of action for $375.00 per month from 15 October, 1939, to 1 March, 1940, for that it appears from the complaint that the board of county commissioners reduced the salary of the judge of the Forsyth County Court to $1.00 per month from 15 October, 1939, pursuant to subsec. 14, sec. 1, ch. 519, Public-Local Laws 1939, and that a cause of action for $1.00 per month for the time involved is not alleged, and also there is no allegation that any claim therefor was ever filed with and refused by the county commissioners as required by C. S., 1330 and *Page 101 
1331; and that (4) the allegations that the board of commissioners of Forsyth County acted in bad faith and abused their discretion in fixing the salary of the judge of the Forsyth County Court at $1.00 per month do not state a cause of action, as the plaintiff's remedy to determine the question presented is by mandamus proceeding to require the board of commissioners to fix a proper salary, if any salary be due.
The second demurrer states as grounds therefor that (1) the complaint fails to state a cause of action for salary from 1 March, 1940, to 6 May, 1940, for the reason that it appears therefrom that the board of commissioners reduced the salary to $1.00 per month pursuant to subsec. 14, sec. 1, ch. 519, Public-Local Laws 1939, and also does not allege a cause of action for $1.00 per month for the time involved or that a claim therefor had been filed for audit with the board of commissioners as required by C. S., 1330 and 1331; and that (2) the complaint fails to state a cause of action for salary from 6 May, 1940, to 1 July, 1940, for the reason that it appears therefrom that the board of commissioners, pursuant to subsec. 15, sec. 1, ch. 519, Public-Local Laws 1939, did, on 6 May, 1940, by proper resolution temporarily suspend the Forsyth County Court, and that the officers of said court ipso facto ceased; and that (3) the allegations that the board of commissioners acted in bad faith and abused their discretion in fixing the salary of the judge of the Forsyth County Court at $1.00 per month do not state a cause of action as the plaintiff's remedy to determine the question involved is by mandamus proceeding to require the board of commissioners to fix a proper salary, if any is due.
Judgments sustaining the demurrers and dismissing the actions were entered, to which the plaintiff preserved exceptions, and appealed.
The first question discussed in the briefs relates to the allegations that the plaintiff is entitled to recover as salary $375.00 per month from 6 May, 1940, until 1 July, 1940, after the board of commissioners by resolution temporarily suspended the Forsyth County Court on 6 May, 1940. It is the contention of the defendants that it appears upon the face of the complaint that the plaintiff is not entitled to recover upon the allegations, since subsec. 15, sec. 1, ch. 519, Public-Local Laws 1939, gave the board of commissioners power to temporarily suspend the court and that such suspension ipso facto terminated the office of judge. It is the contention of the plaintiff that said subsection of the Act of *Page 102 
1939 is unconstitutional and void, and therefore the attempted suspension of the court by the commissioners was ineffective.
The constitutionality of the said subsection is clearly presented. It reads as follows: "15. That the Board of Commissioners of Forsyth County shall have the right to abolish or temporarily suspend the said Forsyth County Court after the expiration of twelve months from the ratification of this Act; and that in the event the said court is abolished or temporarily suspended all cases then pending therein shall be transferred to the civil issue docket of the Superior Court of Forsyth County and the offices herein created shall ipso facto terminate." (The act was ratified 3 April, 1939.)
It is contended by the plaintiff that the subsection is in contravention of Art. IV, sec. 12, North Carolina Constitution, which, in part, reads: ". . . but the General Assembly shall allot and distribute that portion of this (judicial) power and jurisdiction which does not pertain to the Supreme Court among the other courts prescribed in this Constitution or which may be established by law, in such manner as it may deem best; . . ."
Art. IV, sec. 2, North Carolina Constitution, is also pertinent to this discussion. It reads: "The judicial power of the State shall be vested in a Court for the trial of impeachment, a Supreme Court, Superior Courts, courts of justices of the peace, and such other courts inferior to the Supreme Court as may be established by law."
It is apparent from these two sections that the General Assembly may provide courts not named therein. The court here involved was created by the General Assembly (ch. 520, Public-Local Laws 1915). The plaintiff contends that since the court was created by the General Assembly only the General Assembly has the power to abolish it, and that this power cannot be delegated to the board of county commissioners. That the General Assembly had authority to abolish the court cannot be gainsaid. "If the Legislature had the right to create the court, it had the right to abolish. Quoligatur, eo dissolvitur. By the same mode by which a thing is bound, by that it is released. . . . The courts we are now considering are the creatures of the Legislature. The creator can establish and abolish." Queenv. Comrs. of Haywood, 193 N.C. 821. This was the holding notwithstanding the term for which the judge was elected had not expired. Whoever accepts public office does so with the principle of law extant that the Legislature which established the office is vested with the power to abolish it, except where restrained by the Constitution, and since the tenure of office does not rest on contract it is not necessarily protected by the Constitution. 22 R. C. L., p. 579, sec. 293.
Since the Legislature had the inherent power to abolish the Forsyth *Page 103 
County Court, even during the term of office of the judge thereof, we are confronted with the question as to whether the Legislature was authorized to delegate to the board of commissioners of Forsyth County the right to abolish or temporarily suspend said court.
It is a well established principle of law that a legislative body may refer to local authorities questions pertaining to their particular localities for action thereupon, on the theory that local authorities are better advised as to local questions. The Forsyth County Court was a local court, established by a local, private and special act, prior to adoption of Art. II, sec. 29, North Carolina Constitution. The distinction between courts created by the General Assembly and those existing by virtue of the Constitution is well recognized. Queen v. Comrs. of Haywood, supra.
While the Legislature may not ordinarily delegate its power to make laws, it may nevertheless make laws and delegate the power to subordinate divisions of the Government to determine facts or state of things upon which the law shall become effective. Provision Co. v. Daves, 190 N.C. 7. It was held in Meador v. Thomas, 205 N.C. 142, that while the Legislature could not delegate to another agency the authority committed to it by the sovereign power of the State, the principle had no application to the establishment of a county court by the board of commissioners clothed with the power to find facts with respect to the necessity of the court. If the board of commissioners by authority of the legislative enactment could establish a county court, a fortiori, they could abolish such a court by similar authority.
"While legislative power granted by the Constitution may not as a rule be delegated, it is fully recognized that under our system of government such power may be delegated to municipal corporations for local purposes where as agencies of the State they are possessed and in the exercise of governmental powers in designated portions of the State's territory, whether such localities are the ordinary political subdivisions of the State, or local governmental districts created for special and public quasi
purposes." Tyrrell v. Holloway, 182 N.C. 64.
Since the Legislature had the power to abolish the Forsyth County Court, and since it had authority to delegate this power to the board of county commissioners, we are confronted with the question: Has the Legislature actually delegated such power? The language of the act is plain and unambiguous; but it is argued that since the act fails to state what facts must be found by the board commissioners as a condition precedent to the abolition of the court, that it is arbitrary, discriminatory, and void. Rather than arbitrary, the act is discretionary, which means that the board of commissioners are authorized when, in their fair and honest judgment the public interest dictates it, to abolish or temporarily suspend the court. To hold that the act should specify what *Page 104 
facts must be found by the board of commissioners as a condition precedent to the abolition or suspension of the court, would be to place upon the Legislature an almost impossible task, and to destroy the very purpose of placing a local problem before a local tribunal. The law does not so fetter the legislative action, and many statutes have been enacted providing for the establishment and abolition of county courts when in the discretion of the board of county commissioners such courts are deemed desirable, the jurisdiction of such courts having been fixed by legislative enactment prior to the establishment of the individual courts.
The demurrers, in so far as they relate to the allegations in the complaints that subsec. 15, sec. 1, ch. 519, Public-Local Laws 1939, is unconstitutional and void, and for that reason plaintiff is entitled to recover $375.00 per month from 6 May, 1940, until 1 July, 1940, were properly sustained by the Superior Court.
The second question discussed in the briefs relates primarily to the allegations that the plaintiffs is entitled to recover as salary $175.00 per month from 1 July, 1939, until October 15, 1939, namely, $612.50, being the difference between $375.00 per month fixed by ch. 335, Public-Local Laws 1925, and $200.00 per month fixed by the board of commissioners on 5 June, 1939, by virtue of subsec. 14, sec. 1, ch. 519, Public-Local Laws 1939.
Said subsec. 14, in part, reads: "14. The salary of the Judge of Forsyth County Court shall be fixed from time to time by the Board of County Commissioners of Forsyth County." It is contended by the defendants that it appears upon the face of the complaint that the reduction in the salary made by the board of commissioners was authorized by said subsection 14, and it is contended by the plaintiff that said subsection 14 is unconstitutional and void, being in contravention of Art. IV, sec. 18, which reads: "The General Assembly shall prescribe and regulate the fees, salaries, and emoluments of all officers provided for in this article; but the salaries of the judges shall not be diminished during their continuance in office."
The plaintiff contends (1) that the General Assembly cannot delegate to the board of commissioners the right to fix the salary of the judge of the Forsyth County Court, since the Constitution provides that the General Assembly shall prescribe and regulate the salaries of all officers provided for in Art. IV, and said article provides for a court for the trial of impeachments, a Supreme Court, Superior Courts, courts of justices of the peace, and such other courts inferior to the Supreme Court as may be established by law, and since the Forsyth County Court has been duly established by statute the Legislature could not delegate the right to fix the salary of the judge thereof to the board of county commissioners. This contention is untenable for the same reasons *Page 105 
advanced against the position that the Legislature could not delegate to the board of commissioners the right to abolish or temporarily suspend the court. The fixing of the salary of a judge of a county court is essentially a local question, of purely local interest, and can best be determined by a local body, and it is therefore delegable to the sound discretion of such a body to determine the facts upon which to base their conclusion.
The plaintiff further contends (2) that the fixing of the salary at a less figure than originally fixed by statute is contrary to the constitutional provision that "the salaries of the judges shall not be diminished during their continuance in office." This provision applies only to judges of courts existing by virtue of the Constitution and not those established by legislative enactment. The distinction between constitutional courts and legislative courts is one well recognized. If the Legislature could delegate the finding of the facts necessary to abolish or suspend a county court it could a fortiori delegate the finding of facts necessary for the reduction of the salary of the judge of such court, and this whether it resulted in a reduction in salary during the continuance in office of the incumbent or otherwise. That the board of commissioners had the power to abolish the court during the term of the judge was held inQueen v. Comrs. of Haywood, supra.
The demurrers, in so far as they relate to the allegations in the complaints that subsec. 14, sec. 1, ch. 519, Public-Local Laws 1939, is unconstitutional and void and for that reason plaintiff is entitled to recover $175.00 per month from 1 July, 1939, to 15 October, 1939, were properly sustained by the Superior Court.
The third question discussed in the briefs relates to whether the plaintiff is in a position to challenge the constitutionality of the act involved in so far as it relates to the reduction made in his salary, since he acquiesced in such reduction by accepting the reduced salary. Since we are of the opinion that the act does not contravene the Constitution, and is therefore valid, the question here presented becomes moot and calls for no decision.
The fourth question discussed in the briefs relates to the plaintiff's alleged cause of action for $25.00 per month from 1 July, 1934, until 1 July, 1939. The defendants demur to these allegations upon the ground that the complaint nowhere alleges that the plaintiff presented this claim to the board of county commissioners for audit and allowance or disallowance as required by C. S., 1330 and 1331. This claim is not affected by the Act of 1939. C. S., 1330, provides: "And every such action (against a county) shall be dismissed unless the complaint is verified and contains the following allegations: (1) That the claimant presented his claim to the lawful municipal authorities to be audited and *Page 106 
allowed, and that they neglected to act upon it, or had disallowed it; . . ." The nearest approach to such an allegation is that the plaintiff requested the municipal authorities to "restore" his salary to $375.00 per month. This falls far short of the requirements of the statute. The fact that the claim was ex contractu and for an amount certain does not relieve the claimant from complying with the statute, the purpose of which is to give the municipal authorities an opportunity to consider and definitely to pass upon the claim before suit can be instituted. Nevins v. Lexington,212 N.C. 616, and cases there cited. Failure to allege the filing of the claim as required by the statute may be taken advantage of by demurrer.Williams v. Smith, 134 N.C. 249.
The demurrers, in so far as they relate to the allegations in the complaints that plaintiff is entitled to recover $25.00 per month from 1 July, 1934, until 1 July, 1939, the difference between $375.00 per month and $350.00 per month for this period, were properly sustained by the Superior Court.
The fifth and sixth questions discussed in the briefs are treated together and relate to the allegations in the complaint to the effect that if the Court should hold subsecs. 14 and 15 of sec. 1, ch. 519, Public-Local Laws 1939, constitutional and valid, the defendants in fixing the salary of the judge of the Forsyth County Court at $200.00 per month from 1 July, 1939, until 15 October, 1939, and at $1.00 per month from 15 October, 1939, to 1 March, 1940, and $1.00 per month for the months of March, April, May, and June, 1940, acted in bad faith, not for the purpose of fixing a fair and just compensation for the judge, and attempting indirectly to abolish and destroy the court without authority of law, which action constituted an abuse of discretion by the board of commissioners. These allegations are by the demurrers admitted to be true.
While it is a well recognized principle of law with us that the courts will not ordinarily interfere with the discretionary powers conferred on municipal corporations for the public welfare, still when the actions of such corporations become so unreasonable as to manifest an abuse of such discretion, the courts will furnish relief to one aggrieved thereby. The discretion vested in the municipal corporations is not entirely without limitation. It must be exercised at least in good faith and be free from ulterior motives. It is not consonant with our conception of municipal government that there should be no limitation upon the discretion granted municipalities, and that no remedy is left to him who may be injured by an abuse thereof. Jones v. North Wilkesboro, 150 N.C. 646; Hayes v. Benton,193 N.C. 379, and cases there cited.
The demurrers, in so far as they relate to the allegations in the complaints that the defendants acted in bad faith and not for the purpose *Page 107 
of fixing a fair and just compensation for the judge of the Forsyth County Court, which action was an abuse of discretion by the board of commissioners, we are constrained to hold were improperly sustained, since we are of the opinion that the alleged facts are sufficient to constitute a cause of action for $175.00 per month from 1 July, 1939, until 15 October, 1939, and for $375.00 per month from 15 October, 1939, until 1 March, 1940, and from 1 March, 1940, until 6 May, 1940 (date alleged in complaint court was temporarily suspended by board of commissioners).
Upon the filing of an answer there may or may not be a failure on the part of the plaintiff to prove that the action of the defendants in first fixing the salary of the judge at $200.00 per month, and later at $1.00 per month, was not taken in good faith, nor for the best interest of the public, nor in an effort to honestly exercise the discretion vested in them. It is not the function of the court to say, under the circumstances then existing, what was or what was not a reasonable compensation for the judge, but to submit to the jury an issue as to the bona fides of the action of the board of commissioners.
While it is true as contended by the appellees the plaintiff may have had the remedy of mandamus to compel the defendants to fix a proper salary for the judge of the Forsyth County Court, if they had neglected or refused so to do, we apprehend that this remedy was not an exclusive one.
As the cases are before us on demurrer, we forbear discussing the questions presented further than necessary to dispose of the exceptions to the judgments below.
The judgments sustaining the demurrers, in so far as they relate to the alleged cause of action for the difference between $375.00 per month and $200.00 per month from 1 July, 1939, until 15 October, 1939, and for $375.00 per month from 15 October, 1939, until 1 March, 1940, and from 1 March, 1940, until 6 May, 1940 (date alleged in complaint court was temporarily suspended by board of commissioners), by reason of the abuse of the discretion vested in the defendants, are reversed; otherwise, they are affirmed.
The judgments of the Superior Court will be modified in accord with this opinion.
Modified and affirmed.