STATE v. ROY CURTIS, ARNOLD McKINNEY AND VON AYERS.

(Filed 23 March, 1949.)

**1. Health § 3—**

A district board of health is a creature of the Legislature and has only such powers and authority as are given it by the Legislature, G.S. 130-66, as rewritten in Chap. 1030, Session Laws 1945.

**2. Health § 4: Constitutional Law § 8c—**

A district board of health established pursuant to G.S. 130-66 is without authority to prescribe criminal punishment for the violation of its rules and regulations promulgated under subsection 4 of the statute, since such district is without power and authority to make laws, and if the statute be deemed sufficiently broad to grant it such authority, the delegation of such power is unconstitutional.

APPEAL by defendants from *Alley, Emergency Judge,* at January Term, 1949, of McDOWELL.

Criminal prosecutions upon three separate warrants begun in a justice of peace court of Marion Township charging the defendants respectively

with violating "Section 3 of the Public Health Ordinance adopted by Burke, Caldwell and McDowell District Board of Health, by selling milk in McDowell without first obtaining a permit for such sale" as provided in said section of said ordinance,—heard in Superior Court, on appeal thereto, and consolidated for purpose of trial.

For a special verdict the jury found as a fact in each case that the defendant named in the warrant did sell milk or milk products without a permit as required by Section 3 of the Public Health Service Ordinance adopted by the District Board of Health of the Counties of Burke, Caldwell and McDowell.

Section 3 of the ordinance declares that "it shall be unlawful for any person to bring into or receive into (County of) Burke, Caldwell, McDowell, or its police jurisdiction for sale, or to sell, or offer for sale therein, or to have in storage where milk or milk products are sold or served, any milk or milk product defined in this ordinance, who does not possess a permit from the health officer of (Counties of) Burke, Caldwell, McDowell . . ." And Section 16 of the ordinance provides that "any person who shall violate any of the provisions of this ordinance shall, upon conviction, be fined not more than $50.00, or imprisoned not more than 30 days, or both, in the discretion of the court, etc. . . ."

Upon the facts found, the court ruled that each defendant is guilty of selling milk in McDowell County without a permit required by law, and entered judgment "that the defendants, and each of them, pay the costs of the action."

Defendants, and each of them, appeal therefrom to Supreme Court, and assign error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Proctor & Dameron and Roy W. Davis for defendants, appellants.*

WINBORNE, J.   Appellants contend, and rightly so, that Sections 3 and 16 of the Public Health Ordinance in question exceeds any lawful authority vested in the District Board of Health of Burke, Caldwell and McDowell Counties, and are void.

The statute, G.S. 130-66, as rewritten in Chapter 1030 of 1945 Session Laws of North Carolina and designated G.S. 130-66, subsections 1, 2, 3, 4 and 5, provides that the State Board of Health of North Carolina is authorized to, and, under the rules and regulations established by it, may form, when certain conditions exist, district health departments or units including more than one county; and, in subsection 4 of the statute as rewritten it is provided that "The District Board of Health shall have the immediate care and responsibility of the health interests of its district

. . . It shall make such rules and regulations, pay all lawful fees and salaries, and enforce such penalties as in its judgment shall be necessary to protect and advance the public health."

Thus the District Board of Health is a creature of the Legislature, and has only such powers and authority as are given to it by the Legislature. *Utilities Comm. v. Greyhound Corp.,* 224 N.C. 293, 29 S.E. 2d 909. While it is given power and authority to make rules and regulations, and to enforce penalties, it is not given the power and authority to make laws. Thus in declaring it to be unlawful for any person to sell milk in the district without having first obtained a permit as required by Section 3 of the ordinance, and in prescribing criminal punishment for a violation of the requirement, the Distrct Board of Health exceeded its authority. Indeed, as was aptly said by *Agnew, J.,* for the Court in *Locke's Appeal,* 72 Pa. St. 491, "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some facts or state of facts upon which the law makes, or intends to make, its own action depend . . ." This principle is in keeping with the Constitution of North Carolina, Art. II, Section 1, and with decisions in many cases in this State. *Express Co. v. R. R.,* 111 N.C. 463, 16 S.E. 393; *S. v. R. R.,* 141 N.C. 846, 54 S.E. 294; *Provision Co. v. Daves,* 190 N.C. 7, 128 S.E. 593; *Efird v. Commrs. of Forsyth,* 219 N.C. 96, 12 S.E. 2d 889; *Pue v. Hood, Commr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896. See also *Field v. Clark,* 143 U.S. 647, 36 L. Ed. 294.

Therefore, if the statute, G.S. 130-66, as rewritten as above stated, be deemed sufficiently broad in language as to show a grant of power and authority to the District Board of Health to enact Sections 3 and 16 of the said Public Health Ordinance, it would run counter to the principle that the Legislature cannot delegate its power to make a law.

And it may be noted, in passing, that the General Assembly of North Carolina, now in session, has passed an act, S.B. 110, effective on ratification 28 February, 1949, amendatory of subsection 4 of G.S. 130-66, by adding at the end thereof the following: "If any person shall violate the rules and regulations made and established by a district health department, he shall be guilty of a misdemeanor and fined not exceeding fifty dollars ($50.00) or imprisoned not exceeding 30 days." However, the act does not purport to be retroactive, and is not applicable to, and requires no consideration in, case in hand.

The defendants are entitled to an acquittal, and, hence, the judgment below is

Reversed.