W. E. WILLIAMSON v. M. Q. SNOW, S. M. SMITH AND M. C. FOWLER, CONSTITUTING THE BOARD OF COMMISSIONERS FOR THE COUNTY OF SURRY, NORTH CAROLINA, AND EX OFFICIO TO THE GOVERNING BODY OF THE NORTHERN HOSPITAL DISTRICT.

(Filed 24 February, 1954.)

**1. Constitutional Law § 8c—**

While the General Assembly may not delegate its power to make laws, it may delegate power to a subordinate agency of the State, under proper guiding standards, to determine the facts or state of things upon which a law enacted by it shall become effective.

2. **Same: Hospitals § 6½—Statute delegating power to Medical Care Commission to create hospital district held to provide proper guiding standards and is constitutional.**

> G.S. Article 13C, Chapter 131, as amended, providing that after the filing of petition signed by at least five hundred qualified voters of a proposed hospital district in conformity with G.S. 131-126.31, and after a public hearing pursuant to notice, with the approval of the county commissioners, the Medical Care Commission may create a hospital district by resolution upon its finding that it is advisable to create the proposed district (G.S. 131-126.32), *is held* a lawful delegation of legislative power to the Commission. The provision that the resolution find that all the residents of the proposed territory will be benefited by the creation of the district requires only a determination by the Commission that the hospital is needed in the area. The bond election pursuant to G.S. 131-126.33 must be called by the county commissioners and the county commissioners constitute the governing body of the hospital district, G.S. 131-126.40 (a).

3. **Hospitals § 6½ : Taxation §§ ½, 5—**

> A tax levied pursuant to the approval of the voters in a hospital district for the purpose of establishing and maintaining a public hospital in the district is a general tax levied for a special purpose as distinguished from a special assessment, and therefore a hearing on the benefits to be conferred upon the property within the district and the exclusion from the tax of property not benefited, is not required, Constitution of North Carolina, Article I, Sec. 17; G.S., Article 13C, Chapter 131.

APPEAL by plaintiff from *Gwyn, J.,* in Chambers at Wentworth, North Carolina, 8 December, 1953. From SURRY.

This is a civil action instituted against the defendants on 20 November, 1953, for the purpose of restraining and enjoining them from issuing bonds for the construction of a hospital and nurses' home on the alleged ground that Article 13C, Chapter 131, General Statutes of North Carolina, as amended, is unconstitutional.

It was agreed by the parties to waive a jury trial and to let his Honor hear the matter in Chambers.

The facts pertinent to the appeal are set out in the pleadings and may be stated as follows:

1. On 6 June, 1953, there was filed with the North Carolina Medical Care Commission (hereinafter called Commission), an administrative agency of the State of North Carolina, created by the provisions of Article 13, Chapter 131, General Statutes of North Carolina, a petition signed by 1,026 qualified voters residing within the territory described therein, praying for the creation of the Northern Hospital District of Surry County (to include several designated townships in said County), pursuant to Article 13C, Chapter 131, as amended.

2. The Board of Commissioners of Surry County in an adjourned regular session on 8 June, 1953, approved the creation of the proposed

hospital district as provided in G.S. 131-126.31, as amended by Chapter 1045, section 1, 1953 Session Laws of North Carolina.

3. On 9 June, 1953, at a special meeting of the Executive Committee of the Commission, said Committee adopted a resolution calling for a public hearing at 10:00 o'clock a.m., 2 July, 1953, on the question of creating a hospital district comprising the territory described in the petition as provided in G.S. 131-126.31, as amended. Notice of the public hearing, giving the time and place thereof, was posted and published as required by Article 13C, Chapter 131, as amended.

4. Thereafter, on 29 July, 1953, the Commission, not having received any protest to the creation of the hospital district at the public hearing, adopted a resolution creating the district, defining the territory comprising said district, and determining that the residents of all the territory included therein will be benefited by the creation thereof. The Commission also designated the district so created as the "Northern Hospital District of Surry County," hereinafter called hospital district.

5. The defendants meeting in an adjourned session on 10 August, 1953, called an election to be held in the hospital district on Saturday, 3 October, 1953, for the purpose of determining whether or not the qualified voters thereof would approve the issuance of bonds in the name of the hospital district in an amount not to exceed $500,000.00 for the construction of a hospital and a nurses' home, including the levying of a sufficient tax therein for the payment of principal and interest on said bonds; and likewise to determine whether the qualified voters in the hospital district would approve the levy and collection annually of a special tax not to exceed ten cents on each $100.00 assessed valuation of real and personal property in the hospital district for the purpose of financing the cost of operation, equipment, and maintenance of the hospital, including a nurses' home, training school, and other relating facilities, in the event the bond issue was approved.

6. The election was duly held and a majority of the votes cast therein was in favor of issuing the bonds and levying the annual maintenance tax.

7. The result of the election was duly published on 6 October, 1953, as required by G.S. 131-126.34.

This cause was heard upon the pleadings and the court held that Article 13C, Chapter 131, as amended, General Statutes of North Carolina, is a valid law of the State of North Carolina and that neither said Article nor any of its provisions violate any of the provisions of the Constitution of North Carolina; that the hospital district was duly and legally created; that the election held on 3 October, 1953, was and is valid, and that the defendants are duly authorized to issue the aforesaid bonds for the purpose of constructing a hospital, including a nurses' home, and to levy annually the necessary taxes authorized in said election for the designated purposes.

The court thereupon declined to restrain and enjoin the defendants from issuing said bonds or from levying the taxes required for the payment of principal and interest on said bonds and for maintenance purposes as authorized by the election held on 3 October, 1953. Judgment was entered in accord with his Honor's ruling. The plaintiff appeals, assigning error.

*W. W. Norman for plaintiff, appellant.*
*A. B. Carter and Folger & Folger for defendants, appellees.*

DENNY, J. The regularity with respect to procedural compliance with the provisions contained in Article 13C, Chapter 131, as amended, is not challenged. In fact, the action was not instituted within the prescribed statutory time in which such an attack was permissible. G.S. 131-126.32 and G.S. 131-126.33, as amended by Chapter 1045, sections 2 and 3, 1953 Session Laws of North Carolina.

Therefore, only two questions are raised on this appeal: (1) Is Article 13C, Chapter 131, as amended, General Statutes of North Carolina, constitutional? (2) Is the hospital district created in fact a special improvement district in which property not benefited should be excluded or relieved from payment of the taxes to be levied?

In our opinion the first question posed must be answered in the affirmative, and the second one in the negative.

Article 13C, Chapter 131, was amended substantially by Chapter 1045 of the 1953 Session Laws of North Carolina. Under the present law, before the Commission will be permitted or authorized to create a hospital district, a petition signed by at least five hundred of the qualified voters of the territory described in such petition, praying that such territory be created into a hospital district, must be filed with it, with the approval of the County Board of Commissioners in which such proposed district is located. The petition must set forth (1) a description of the territory to be embraced within the proposed district, (2) the names of all municipalities or parts thereof located within the area, (3) the names of all publicly owned hospitals located within the area, (4) the purpose or purposes sought to be accomplished by the creation of the proposed district, and (5) the name of the proposed district. G.S. 131-126.31.

Upon the filing of a petition with the Commission as required by statute, the Commission must hold a public hearing pursuant to notice duly posted and published as required by G.S. 131-126.32. If, after such hearing, the Commission shall deem it advisable to create such hospital district, it is required by law to adopt a resolution creating the district, determining that the residents of all the territory to be included in the

district will be benefited by the creation of such district, and describing the territory included therein.

The appellant contends that the Legislature does not have the authority to delegate its power to the Commission to create a hospital district in the manner prescribed in Article 13C, Chapter 131, as amended.

We concede that the Legislature may not delegate its power to make laws, *S. v. Curtis,* 230 N.C. 169, 52 S.E. 2d 364; however, it may make a law and delegate the power to a subordinate agency of the State, under proper guiding standards, to determine the facts or state of things upon which the law shall become effective. *Coastal Highway v. Turnpike Authority,* 237 N.C. 52, 74 S.E. 2d 310; *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896; *Efird v. Comrs. of Forsyth,* 219 N.C. 96, 12 S.E. 2d 889; *Cox v. Kinston,* 217 N.C. 391, 8 S.E. 2d 252; *Meador v. Thomas,* 205 N.C. 142, 170 S.E. 110; *Sanitary District v. Prudden,* 195 N.C. 722, 143 S.E. 530; *Provision Co. v. Daves,* 190 N.C. 7, 128 S.E. 593; *Field v. Clark,* 143 U.S. 649, 36 L. Ed. 294; 11 Am. Jur., Constitutional Law, section 235, page 949, *et seq.;* 16 C.J.S., Constitutional Law, section 138 (a), at page 353.

In our opinion, to clothe the Commission with the power to hear and determine whether a hospital is needed in a particular area and whether it is advisable to create a hospital district in the manner prescribed and authorized by Article 13C, Chapter 131, as amended, in order to meet such need, is not an unlawful delegation of legislative power, and we so hold. Moreover, the provision in the statute requiring the adoption of a resolution "determining that the residents of all the territory to be included in such district will be benefited by the creation of such district," is nothing more than a requirement that the Commission, before creating a hospital district, shall determine that a hospital is needed in the area included within the boundaries of such proposed hospital district. G.S. 131-126.32.

It is well to note that after the Commission created the hospital district under consideration, it had nothing to do with calling or conducting the election referred to herein. The Board of County Commissioners of Surry County called the election, but not until after five hundred or more qualified voters residing in the hospital district filed with it a petition requesting the election. The election was held pursuant to the provisions of G.S. 131-126.33.

Furthermore, it is provided in G.S. 131-126.40 (a) that the board of county commissioners of the county in which a hospital district is created, under the provisions of Article 13C, Chapter 131, General Statutes of North Carolina, shall be the governing body of such district, and all of the provisions of the Municipal Hospital Facilities Act shall apply to

such hospital district and the said board of county commissioners as the governing body thereof.

We now come to consider the second question presented. The appellant contends that Article 13C, Chapter 131, as amended, is unconstitutional and void in that it purports to provide for the creation, in violation of the provisions of Section 17, Article I, of the Constitution of North Carolina, of a taxing district without providing for a hearing on the benefits to be conferred upon the property therein. In other words, he contends the tax is in the nature of an assessment for improvements and not a duly authorized general or special tax in a constitutional sense. We do not concur in this view.

A similar question was before this Court in the case of *Sanitary District v. Prudden, supra,* in which we held the levying of a tax authorized pursuant to the provisions of Chapter 100, Public Laws of 1927 (now codified in Article 6, Chapter 130, Public Health-Administration, beginning with G.S. 130-33 and subsequent sections), in sanitary districts created by The State Board of Health, was a general tax as distinguished from a special assessment and was, therefore, not limited by the amount of benefits conferred by the proposed improvements. We can see no factual or legal distinction between the above case and the present one that would justify a different conclusion. Hence, we hold that the taxes to be levied in the hospital district involved herein, authorized by Article 13C, Chapter 131, as amended, and approved by a majority of the qualified voters in the district, voting in the election held on 3 October, 1953, are duly authorized general taxes levied for special purposes as distinguished from special assessments. *St. Louis & Southwestern Railway Co. v. Nattin,* 277 U.S. 157, 72 L. Ed. 830; 51 Am. Jur., Taxation, section 27, page 54, *et seq.,* and cited cases.

The judgment of the court below is

Affirmed.